# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ELIZABETH ARAGON-DUQUE, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. |
| ) | |
| FLORIDA DEPARTMENT OF ) | |
| EDUCATION VOCATIONAL ) | |
| REHABILITATION OFFICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CIVIL COMPLAINT AND JURY DEMAND

Elizabeth Aragon-Duque, Plaintiff herein, files this Complaint against Florida Department of Education Vocational Rehabilitation Office, Defendant herein, and alleges:

## PARTIES

1. Plaintiff, Elizabeth Aragon-Duque, an individual, resides in Polk County, Florida.

2. Defendant, Florida Department of Education, has several locations throughout Florida, but this action arose at 111 E Monument Ave, Suite 413 Kissimmee, Florida in Osceola County.

## JURISDICTION

3. The action arises under 42 U.S.C. §§ 12181 et seq. as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Plaintiff was hired as a Vocational Rehabilitation Counselor by the Florida Department of Education.

8. Plaintiff was injured at work and filed a worker's compensation claim on April 10, 2018.

9. Plaintiff provided a doctor's note from her orthopedic specialist to her supervisor outlining her medical limitations.

10. Plaintiff was placed on light duty restrictions by her medical doctor.

11. Plaintiff was diagnosed with carpel tunnel syndrome and was required to go to therapy.

12. Plaintiff had splints in her hand and was required to take medication for the pain.

13. Due to her medical condition, Plaintiff was unable to shake hands with clients.

14. Plaintiff provided a doctor's note stating that she was unable to shake hands.

15. Instead of understanding her medical conditions, Plaintiff's supervisor, Evelyn Montalvo, punished Plaintiff for not being able to shake hands.

16. She began harassing her and treating her unfairly because of her medical condition.

17. Despite Plaintiffs attempts to meet with her supervisors to remedy any issues, Plaintiff was given a negative evaluation.

18. Plaintiff was demoted to an assistant receptionist.

19. On or about August 6, 2018, Plaintiff was issued a Notice of Proposed Action Letter threatening to fire Plaintiff.

20. Plaintiff was fired on August 16, 2018.

21. Plaintiff was fired due to her medical condition, because of her medical condition Plaintiff was no longer able to:
    a. Greet clients
    b. Work long hours due to physical therapy
    c. Perform certain task such as typing reports

22. Plaintiff's supervisors were not understanding of her medical condition.

23. Instead of being rewarded for eight years of service as a counselor, Plaintiff was fired on August 16, 2018.

24. Plaintiff had still not reached maximum medical improvement at the time she was fired.

25. Plaintiff's termination was in retaliation for her medical condition.

26. As a direct and proximate result of the actions by Defendant, Plaintiff suffered lost wages due to the acts of the Defendant.

## COUNT ONE
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12181 *et seq*.

27. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 26.

28. Defendant, Florida Department of Education, intentionally engaged in unlawful employment practices involving Plaintiff because of Plaintiff's disability.

29. Defendant, Florida Department of Education, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect Plaintiff's status as an employee.

30. Plaintiff was diagnosed with carpel tunnel, making her a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

31. About mid-April, Plaintiff notified Defendant about her disability and her physical limitations.

32. Defendant refused to acknowledge Plaintiff's limitations and instead disciplined her for not being able to shake hands with clients.

33. Defendant demoted Plaintiff because of her disability, did not provide any accommodations, and later terminated her.

34. At all material times, Plaintiff was able to perform the essential functions of Plaintiff's position with accommodation. Plaintiff has a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of Plaintiff's disability.

35. Plaintiff suffered damages as a result of Defendants' unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

36. Defendants intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT TWO
## VIOLATION OF FAMILY MEDICAL LEAVE ACT BY FLORIDA DEPARTMENT OF EDUCATION

37. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 36.

38. Defendant in bad faith did not respect Plaintiff's reasonable leave time and demoted her for taking off such time in violation of the Family Medical Leave Act. Plaintiff

seeks all damages for the violation, as required by law and any other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT THREE
### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12181 *ET SEQ*., AGAINST FLORIDA DEPARTMENT OF EDUCATION

39. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 38.

40. Plaintiff was qualified for her position and had worked for the Florida Department of Education for eight years.

41. On or about April 10, 2018, Plaintiff filed a worker's compensation claim after suffering pain in her right hand.

42. Plaintiff alleges that her supervisor treated her differently after she filed her worker's compensation claim and took time off for therapy according to FMLA. Plaintiff suffered damages for which Plaintiff herein sues.

43. Plaintiff provided all of the necessary documentation to her supervisors regarding her medical condition. Instead Plaintiff was not taken seriously, and she was not given the opportunity to reach maximum medical improvement.

44. Plaintiff's supervisor sought to humiliate and intimidate Plaintiff by suggesting that she could "touch elbows" with clients, mocking Plaintiff for having carpel tunnel. Plaintiff suffered damages for which Plaintiff herein sues.

45. Plaintiff alleges that Florida Department of Education instituted a campaign of retaliation which included being harassed by her supervisor for having a medical condition. Plaintiff received a negative evaluation because of her medical condition.

Plaintiff suffered damages for which Plaintiff herein sues.

46. Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions, including past and future lost wages and benefits, and the costs of bringing this action.

47. Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## DEMAND FOR ATTORNEY'S FEES

Plaintiff has employed Rasheed Karim Allen for representation in this action, and has agreed to pay a reasonable attorney fee to Rasheed Karim Allen.

Plaintiff is entitled to recover reasonable attorney's fees incurred in connection with this action pursuant to, inter alia, Section 760.11 of the Florida Statutes.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by jury.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order awarding Plaintiff attorneys' fees incurred in connection with this action; and

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, a copy of the foregoing document was delivered to counsel for Florida Department of Education via the ECF filing system.

Respectfully submitted,

ALLEN & DAWSON, PLLC.
189 S. Orange Avenue, Suite 1530-B
Orlando, Florida 32801
Telephone: (407) 986-2092
E-Mail: rasheed@allen-dawson.com
SecondaryE-Mail:imani@allen-dawson.com

/s/ Rasheed Karim Allen
Rasheed Karim Allen
Attorney for Plaintiff
Florida Bar Number: 88525